# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REV. R. COTNER,<br>Church of The Remnant, Inc.; and<br>THE MORAL MAJORITY OF<br>DISENFRANCHISED TAXPAYERS,<br>90% of Inhabitants of Oklahoma,<br><br>          Plaintiffs,<br><br>v.<br><br>TULSA MAYOR/CITY POLICE & COURTS;<br>STATE OF OKLAHOMA,<br>Dept. of Corr.; and<br>CREEK COUNTY JUDGES/COURT DA,<br><br>          Defendants. | Case No. CIV-23-00730-JD |

## **ORDER**

Before the Court are Motions to Dismiss ("Motions") [Doc. Nos. 14 and 16] filed by Defendants Tulsa Mayor/City Police & Courts and Creek County Judges, all in their individual and official capacities. The Court may also independently examine a case and dismiss a complaint that fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6); *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (noting the Court may raise the issue of failure to state a claim on its own initiative). Upon review, the Court elects to both sua sponte dismiss and grant the motions to dismiss the complaint because Plaintiffs have failed to state a claim showing they are entitled to relief that can be granted.

Plaintiffs are proceeding pro se;[1] thus, the Court must construe their pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. Nonetheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

The Court holds pro se litigants to the same rules and requirements as other litigants. *See Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 176 (10th Cir. 1996)

---

[1] "Federal law authorizes parties to 'plead and conduct *their own cases* personally or by counsel.'" *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) (quoting 28 U.S.C. § 1654). "Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel." *Id.* This Court's Local Rules similarly state that "[p]arties who are not natural persons may not appear pro se." LCvR17.1. Thus, to the extent Cotner purports to bring an action on behalf of the "Church of The Remnant, Inc." and "The Moral Majority of Disenfranchised Taxpayers," such action is improper and the action is subject to dismissal. *See* [Doc. No. 16 at 2 n.2].

(explaining that a pro se litigant's ignorance of the rules does not excuse him from following the rules). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court dismisses a complaint where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks and citation omitted).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a complaint names numerous defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 565 n.10).

Plaintiffs bring a long list of grievances against numerous defendants, some dating back decades.[2] Liberally construing the complaint, Plaintiffs take issue with the judges,

---

[2] Robert E. Cotner has filed numerous previous cases in this district, *see* [Doc. No. 2], and is subject to filing restrictions. Here, Plaintiffs paid the filing fee. [Doc. No. 3].

prosecutors, and sheriffs of Creek County, Oklahoma, the director, wardens, and employees of the Oklahoma Department of Corrections ("ODOC"), the judges and justices of the Oklahoma Court of Criminal Appeals and the Oklahoma Supreme Court, Cleveland County District Judge Virgin, the State of Oklahoma and generally its employees and agents, and unnamed state legislators and politicians in city, county, and state offices. [Doc. No. 1 at 2 (under the heading "Parties")].[3] Plaintiffs claim to be "Sovereign," *see, e.g.*, [Doc. No. 11] and repeatedly make allegations consistent with typical sovereign citizen arguments. *See, e.g.*, [Doc. No. 1 at 2–5].[4] Plaintiffs also appear to be alleging violations of constitutional and contract rights.

As an initial matter, the United States Court of Appeals for the Tenth Circuit has repeatedly rejected sovereign citizen claims. *See United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (unpublished). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, *however they are presented*." *Id.* (emphasis added) (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)); *see also Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting similar arguments in the taxation context). "[A]n individual's belief that her status as a 'sovereign citizen' puts her

---

[3] The Court uses CM/ECF page numbering across the top of filings.

[4] *Cf. United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (unpublished) ("The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.").

beyond the jurisdiction of the courts "has no conceivable validity in American law." *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (unpublished) (affirming dismissal of civil rights complaint in the context of traffic violations) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). So, to the extent Plaintiffs are attempting to bring those types of claims, they are summarily rejected and dismissed.

Second, to the extent Plaintiffs are bringing claims against state judges, justices, prosecutors, sheriffs, clerks, state employees, state legislators, state politicians, or any other unnamed individual associated with the state, city, or county or related agencies, the complaint fails to provide each individual defendant with fair notice as to the basis of Plaintiffs' claims against them. The complaint protests a wide variety of conduct, but it does not identify what defendant engaged in any specific acts. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) ("[I]t is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state.") (quoting *Robbins*, 519 F.3d at 1250). In other words, the complaint generally alleges constitutional or other legal violations but fails to connect them to a specific defendant or any official policy or act. *See* [Doc. No. 1 at 7 (challenging "ALL rules, regulations, policy, & practices of ALL defendants as unconstitutional")]. However, for a § 1983 or *Bivens* suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual

5

actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.[5] The complaint also fails to give any context (such as dates and the individuals involved) to its allegations concerning contracts. *See* [Doc. No. 1 at 4 (alleging that "defendants, their families, friends, co-workers, co-conspirators are breaching a number of contracts with plaintiffs")].

Moreover, judges and justices have immunity for acts taken in their official capacities. Judges have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Judicial immunity is immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Thus, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* Rather, immunity is overcome in only two circumstances: "First, a judge is not immune from liability for . . . actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To this end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at

---

[5] The complaint makes vague reference to a conspiracy and coconspirators. *See* [Doc. No. 1 at 2]. A claim under 42 U.S.C. § 1985 requires Plaintiffs to plead that "two or more persons . . . conspire" to interfere with Plaintiffs' civil rights as described in a specific subsection of § 1985. A conspiracy only occurs when two or more individuals reach an agreement and act in concert with that agreement. *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). Plaintiffs have not identified any specific basis under § 1985 for their claims and have not plausibly alleged that two or more of the defendants agreed to interfere with their civil rights as described in § 1985 or that any defendant acted in concert with such agreement.

356. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.*

Here, Plaintiffs have not set forth any facts suggesting that any judge with whom they interacted acted outside their judicial capacity. Nor do Plaintiffs allege facts showing that the judges acted without any jurisdiction to do so. The Supreme Court in *Stump* made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362.

From what the Court can tell in its attempt to construe the complaint liberally, any judge involved was involved in Cotner's various court proceedings. Accordingly, Plaintiffs' complaint fails to state a claim against any judge because they are entitled to absolute immunity from this suit under federal law. Plaintiffs' claims against the judges and justices are dismissed with prejudice.

Third, to the extent the complaint points to various statutes, it still fails to state a plausible claim. The complaint references 42 U.S.C. § 1981, *see* [Doc. No. 1 at 1], which prohibits discrimination based on race. But Plaintiffs do not allege that they have been discriminated against based on race or allege that they are members of a protected class. The complaint also makes vague reference to the Americans with Disabilities Act ("ADA"), *see* [Doc. No. 1 at 1 and 9]. However, Plaintiffs offer no facts suggesting they have a qualifying disability or meet any of the requirements for recovery under the ADA.

Fourth, Plaintiffs' allegations are well-beyond the statute of limitations to bring a § 1983 claim, which is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1523 (10th Cir.

1988) (holding two-year statute of limitations applies to § 1983 claims), *abrogated in part on other grounds by Iqbal*, 556 U.S. at 676. For instance, Plaintiffs seek return of property from a search warrant in reference to cases filed in 1991 and 2006. *See* [Doc. No. 1 at 5–6].[6] Plaintiffs also allege certain conduct while Cotner was in prison. *See* [Doc. No. 1 at 7].[7] Plaintiffs further allege conduct in 1990. *See* [Doc. No. 1 at 10 (alleging Creek County sheriffs stole from Cotner and Church of the Remnant, Inc. in 1990)]. All of these claims are beyond the statute of limitations, and thus the complaint fails to state a claim for which relief may be granted.

Finally, to the extent Plaintiffs' filings reference relief relating to Cotner's criminal cases or criminal sentences, that relief appears to be moot or subject to the filing restrictions previously imposed by this District on Cotner's habeas actions.[8] *See Cotner v. McCollum*, Case No. CIV-12-1398-M, 2013 WL 1776645, at *6–7 (W.D. Okla. Apr. 4, 2013), *R. & R. adopted by*, 2013 WL 1773582, at *1 (W.D. Okla. Apr. 25, 2013). Thus,

---

[6] The Court takes judicial notice of the publicly available ODOC website, available at https://okoffender.doc.ok.gov (last visited Feb. 25, 2024), which indicates Cotner was convicted on his referenced life sentences, *see* [Doc. No. 1 at 5], in 1992 on criminal cases filed in 1991 in Creek County District Court.

[7] Based upon the Court's review of the publicly available ODOC website, Cotner was discharged from ODOC on September 11, 2019. The complaint here was filed on August 16, 2023. [Doc. No. 1].

[8] Tenth Circuit precedent is clear that a prisoner who challenges "the fact or duration of his confinement and seeks immediate release or a shortened period of confinement must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

there is no relief to be granted before this Court and the complaint fails to state a claim to the extent it seeks relief for his sentences or prior state criminal proceedings.

In sum, the Court concludes that Plaintiffs' complaint fails to state a claim upon which relief can be granted. The Court dismisses the claims against the judges and justices with prejudice and the claims against all other defendants without prejudice. In light of this Order, the Court grants the Motions [Doc. Nos. 14 and 16] and denies as moot and without prejudice the various motions for relief made by Plaintiffs. *See, e.g.*, [Doc. Nos. 19, 20, 23, and 24].[9]

Although the Court does not foresee an amendment by Plaintiffs that can state viable claims and cure the deficiencies identified in this Order, the Court will wait to enter its judgment until March 7, 2024, to allow Plaintiffs an opportunity to follow Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1 for any proposed motion for leave to file an amended complaint and proposed amended complaint that overcomes the deficiencies identified in this Order. The Court will enter its judgment on March 7, 2024, unless Plaintiffs file a proper motion seeking leave to amend their complaint in

---

[9] Plaintiffs also filed several "notices" with the Court in which they request the Court to order a variety of relief. This is improper under several federal and local civil rules, and Plaintiffs are held to the same rules and standards as any other litigant. *See* Fed. R. Civ. P. 7(b)(1) (requiring that a request for a court order must be made by motion and must state with particularity the grounds for seeking the order); LCvR7.1(c) ("Each motion filed shall be a separate document . . . ."). Thus, the Court denies Plaintiffs' requests for relief in the various notices.

advance of that deadline (i.e., no later than March 6, 2024) that overcome the deficiencies identified in this Order and follows Rule 15 and Local Civil Rule 15.1.[10]

    IT IS SO ORDERED this 26th day of February 2024.

                                                 JODI W. DISHMAN
                                                 UNITED STATES DISTRICT JUDGE

---

[10] The Court has an obligation to manage its docket, and filings made outside of the parameters of this Order (i.e., anything other than Plaintiffs filing a proper motion seeking leave to amend that attempts to cure the deficiencies noted in this Order) are subject to being stricken by the Court.