IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REV. R. COTNER,<br>Church of The Remnant, Inc.; and<br>THE MORAL MAJORITY OF<br>DISENFRANCHISED TAXPAYERS,<br>90% of Inhabitants of Oklahoma,<br><br>          Plaintiffs,<br><br>v.<br><br>TULSA MAYOR/CITY POLICE & COURTS;<br>STATE OF OKLAHOMA,<br>Dept. of Corr.; and<br>CREEK COUNTY JUDGES/COURT DA,<br><br>          Defendants. | Case No. CIV-23-00730-JD |

## **ORDER**

On February 26, 2024, the Court issued an Order dismissing Plaintiffs' claims against Defendants. [Doc. No. 25]. The Court allowed Plaintiffs an opportunity to amend their complaint. The Court explained that it would wait until March 7, 2024, to enter a judgment to allow Plaintiffs an opportunity to file a motion seeking leave to amend the complaint in compliance with Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1. The Court explained that it would enter its judgment on March 7, 2024, unless Plaintiffs filed a proper motion seeking leave to amend their complaint in advance of that deadline.

As of this date, Plaintiffs have not requested additional time to comply with the Court's Order or filed a motion seeking leave to amend that complies with Local Civil Rule 15.1. Local Civil Rule 15.1 states, "A party moving under Fed. R. Civ. P. 15(a)(2)

to amend a pleading, or under Fed. R. Civ. P. 15(d) to supplement a pleading, must attach the proposed pleading as an exhibit to the motion." Here, Plaintiffs have filed a document titled "In Compliance With This Courts 2/26/24 Order & Judicial Rule 15" and attached some exhibits, some of which were previously filed in this action. [Doc. No. 26].[1] Liberally construed, this filing is not a proper motion seeking leave to amend.[2]

Plaintiffs are bound by the same rules and requirements as any other litigant. And Plaintiffs have failed to follow the Court's Order of February 26, 2024. *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (explaining that a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

Consequently, the Court dismisses Plaintiffs' claims as set forth in its Order of February 26, 2024 [Doc. No. 25] and will enter a separate judgment.

---

[1] To the extent, under liberal construction afforded to pro se filings, Plaintiffs' filing at [Doc. No. 26] could be construed as a motion for reconsideration of the Court's Order of February 26, 2024 [Doc. No. 25], the Court finds that Plaintiffs have not shown that the Court misapprehended the facts, their position, or the controlling law, and that reconsideration is therefore not appropriate. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (concluding that a motion for reconsideration or a motion to reargue an issue "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

[2] To the extent Plaintiffs seek any other affirmative relief in their filing at [Doc. No. 26], that is improper under Federal Rule of Civil Procedure 7 and Local Civil Rule 7.1 and is denied. *See* Fed. R. Civ. P. 7(b) (stating that a request for relief from the Court must come in the form of a motion); LCvR7.1(c) ("Each motion filed shall be a separate document . . . .").

IT IS SO ORDERED this 7th day of March 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE